UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-62114-Civ-COOKE/HUNT

ARDIANA BERISHA,

    Plaintiff,

vs.

STAN, INC., a Florida corporation,
B&B ENTERTAINMENT, LLC,
a Florida corporation, and
ANDREW BEHN, individually,

    Defendants.

_____/

**OPINION ORDER DENYING
PLAINTIFF'S MOTION TO RE-OPEN MATTER AND TO FIND ARBITRATION
AGREEMENT INVALID OR TO STRIKE OR MODIFY ARBITRATION
AGREEMENT**

THIS MATTER is before me on Plaintiff's Motion to Re-Open Matter and to Find Arbitration Agreement Invalid or to Strike or Modify Arbitration Agreement Motion to Compel Arbitration and Stay Proceedings Pending the Resolution of This Case by an Arbitrator ("Motion") (ECF No. 14). Having considered Plaintiff's Motion, Defendants' Opposition and the relevant authorities, the Court **DENIES** Plaintiff's Motion for the reasons explained below.

### I.  Background

On September 6, 2018, Plaintiff filed the underlying action against Defendants Stan, Inc., B&B Entertainment, LLC, and Andrew Behn, alleging violations of the Fair Labor Standards Act and seeking compensation for unpaid wages. *See generally Compl.*, ECF No. 1. On or about December 7, 2017,[1] Plaintiff completed and signed a "Dance Performance Lease Agreement," ("Agreement") which, in relevant part, states:

---

[1] Plaintiff dated the agreement "this 12 day of 7, 2017," but that appears to have been in error, as a related document was dated "12/6/17."

1

>ANY CONTROVERSY, DISPUTE, OR CLAIM . . . ARISING OUT OF THIS LEASE . . . OR [THE] ENTERTAINER PERFORMING AT THE CLUB, WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY *BINDING ARBITRATION* HELD PURSUANT TO THE FEDERAL ARBITRATION ACT[.]

ECF No. 11-1, at p. 22 (emphasis in original).

Invoking this provision of the Agreement, on October 15, 2018, Defendants moved this Court to compel the parties to binding arbitration. ECF No. 11. Plaintiff agreed to arbitrate and therefore, did not oppose Defendants' Motion to Compel. *Defs.' Notice of Non-Opp'n to Mot.*, ECF No. 12; *Plt. Mot. To Reopen*, ECF No. 14 at ¶ 2. On December 27, 2018, this Court granted Defendants' motion and ordered the parties to binding arbitration. ECF No. 13. The Court also stayed the matter pending the resolution of the arbitration. *Id.*

Now, almost a year later, Plaintiff has brought this Motion, asking the Court for the first time to invalidate the arbitration provision in the Agreement, or to modify the cost-sharing provision in the arbitration provision. The parties have still not submitted the matter to arbitration as instructed by this Court.

## II.   Standard of Review

Plaintiff's Motion fails to identify under which law or federal rule she seeks relief from the Court's Order compelling arbitration. However, because Plaintiff is seeking relief from the Court's previous Order requiring the parties to arbitrate the issues raised in the Complaint, the Court is construing Plaintiff's Motion as a motion to reconsider its Order compelling arbitration.

Rule 59(e) is unavailable to Plaintiff because this Motion was filed well after the 28-day timeframe allotted by that rule. Fed. R. Civ. P. 59(e). Thus, Plaintiff's only source of relief here is Rule 54(b) or Rule 60(b). *See* Fed. R. Civ. P. 54(b), 60(b). Unlike Rule 60(b), Rule 54(b) does not provide guidance on what factors a court may consider when deciding a motion to reconsider brought pursuant to Rule 54(b). Nevertheless, the Eleventh Circuit has opined that Rule 54(b) is similar to Rule 60(b), and that the factors provided in Rule 60(b) may be applied to a Rule 54(b) motion to reconsider. *See Herman v. Hartford Life & Accident Ins. Co.*, 508 Fed. Appx. 923, 927n.1 (11th Cir. Fla. February 13, 2013).

Accordingly, courts within this Circuit have opined or held that a motion for reconsideration should be granted only when there is: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) a need to correct clear errors of fact or law or prevent manifest injustice. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). *See also* Fed. R. Civ. P. 60(b). Reconsideration of a previous order is an extraordinary remedy intended to be used sparingly. *See M.G. v. St. Lucie County Sch. Bd.*, 741 F.3d 1260, 1262 (11th Cir. 2014)

### III.   Discussion

Assessing Plaintiff's Motion to reconsider within this legal framework, the Court finds that Plaintiff has proffered no valid reason for the Court to reconsider its Order compelling the parties to arbitrate. In her Motion, Plaintiff claims, in the first instance and after agreeing to arbitrate almost a year ago, that the arbitration agreement is invalid because of the cost-sharing provision. *See generally Plt. Mot. To Reopen*, ECF No. 14. The cost-sharing provision in the Agreement states that both parties will equally bear the costs associated with submitting this dispute before an arbitrator. ECF No. 11-1, at p. 22. Plaintiff posits that the cost-sharing provision is vague as to whether the "parties are to split attorney's fees and/or costs of the arbitration, regardless whether Plaintiff is deemed the prevailing party or not." *Id.* at ¶ 6. Plaintiff further explains that the enforcement of this cost-sharing arrangement will cost Plaintiff no less than three thousand dollars. *Id.* at ¶ 8. This, Plaintiff, argues, is "prohibitively expensive," rendering the arbitration agreement invalid. *Id.* at ¶ 8. In response, Defendants argue that Plaintiff has waived the cost-sharing fee argument by failing to raise it when Defendant moved to compel arbitration in October 2018. *Defs.' Opp. to Mot.*, ECF No. 15 at 5-7. Defendants also argue that Plaintiff's Motion should be denied for failure to demand arbitration and for failure to comply with the applicable motion practice rules. *Id.* at 3-5.

Reconsideration is an extraordinary remedy, and a motion to reconsider should be granted only to correct "manifest errors of law or fact," in light of "newly-discovered evidence," or due to an intervening change in the law. *Arthur*, 500 F.3d at 1343. A motion for reconsideration cannot be used to relitigate old issues or "raise arguments [] or present evidence that could have been raised prior to the entry of judgment." *Id.*

3

Here, Plaintiff has filed this Motion almost a year after the Court issued its Order compelling arbitration, and Plaintiff's only support for the Motion is that the cost-sharing provision in the arbitration agreement makes arbitration prohibitively expensive for Plaintiff to properly assert her rights. *See generally Plt. Mot. To Reopen*, ECF No. 14. Plaintiff has not alleged, much less shown, that the Court made an error of law or fact in issuing its Order compelling the parties to arbitrate. Plaintiff has also not claimed that the cost-sharing provision she now challenges is "newly discovered evidence;" nor could she seriously make such a claim. *Arthur*, 500 F.3d at 1343. The Agreement was submitted in support of Defendant's Motion to Compel, filed on October 15, 2018, and this document has remained on the docket since. *See* ECF No. 11. Moreover, Plaintiff agreed to arbitrate after a copy of this Agreement was submitted to the Court. *See Defs.' Notice of Non-Opp'n to Mot.*, ECF No. 12. A motion to reconsider is not a vehicle to raise arguments that should have been raised earlier, which is precisely what Plaintiff is attempting to do here. *See Nelson v. Barden*, 145 Fed. Appx. 303, 308 (2005) ("[M]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued."). Therefore, the Court finds that reconsideration is not warranted here because Plaintiff has not proffered any newly discovered evidence, identified an intervening change in law, or pointed to an error of fact or law the Court made in its Order compelling arbitration.

## IV.   Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion (ECF No. 14). This case will remain **STAYED** and the Court **ORDERS** the parties to submit Plaintiff's claim to arbitration pursuant to the Agreement. Failure to do so may result in the dismissal of this action for failure to comply with this Court's Orders.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 19th day of May 2020.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Patrick M. Hunt, U.S. Magistrate Judge*

4

*Counsel of record*